**In re Loren GITTS; Mary Gay Gitts, d/b/a/Bernie Gitts Farms, Debtors.**

**Peter H. ARKISON, Trustee, Appellant,**

v.

**Loren GITTS; Mary Gay Gitts, Appellees.**

**No. 90–35639.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1991.

Decided March 18, 1991.

Peter H. Arkison, Bellingham, Wash., for appellant.

Laughlin H. Clark, Brennan & Clark, Bellingham, Wash., for appellees.

Before WALLACE, Chief Judge, O'SCANNLAIN and LEAVY, Circuit Judges.

### ORDER

The decision of the Bankruptcy Appellate Panel is affirmed. The opinion of the Bankruptcy Appellate Panel reported at 116 B.R. 174 (Bankr. 9th Cir.1990) is adopted in full. Appellee's request for attorney fees is denied.

AFFIRMED.

**James NELSON, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

**No. 90–2074.**

United States Court of Appeals, Tenth Circuit.

Oct. 11, 1990.

Publication Ordered March 7, 1991.

Gary J. Martone, Albuquerque, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security; A. George Lowe, Deputy Chief Counsel for Social Security Disability Litigation; and Etzion Brand, Supervisory Trial Atty. for the Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before McKAY, MOORE, and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

James Nelson appeals the district court's dismissal of his complaint requesting judicial review of the denial of his second claim for social security benefits. The district court held that because the Secretary of Health and Human Services (the Secretary) did not reopen Mr. Nelson's claim, the court was without jurisdiction to review the decision. Mr. Nelson now contends that administrative *res judicata* was improperly applied depriving him of a hearing in which he could fully present his claim with the benefit of the Secretary's record. However, our review of the briefs and record substantiates the district court's dismissal, and we affirm.

On January 23, 1986, Mr. Nelson initially filed an application for Social Security Disability Insurance Benefits under Title II and Title XVIII. In that application, Mr. Nelson described his disabling condition as constant cough caused by smoking, lower back problems, and arthritis in his hands and back. The Secretary denied the application at the initial administrative level. Although notified of his right to appeal (Exhibit 3), Mr. Nelson did not contest the determination which, after the sixty-day appeal time expired, became a final decision of the Secretary.

In April 1987, Mr. Nelson filed a second application. Finding this claim included the same issues as the first, without any new and material evidence offered sufficient for reopening, the Secretary denied the claim at the initial level and upon reconsideration. Mr. Nelson then requested a hearing.

Prior to conducting the hearing, the ALJ reviewed the file and concluded that Mr. Nelson's "new evidence" was not material and did not compel reopening the 1986 application. In the written opinion, the ALJ referenced the medical evidence submitted. Further, the order noted the claimant's failure to offer psychological evidence from treating or examination sources for the relevant time from December 1982 until December 1985 to support his representation that he may have suffered from a psychological impairment *during that time*. The ALJ refused to order consultative psychological testing or an examination. Based on this record, the ALJ denied Mr. Nelson's request for a hearing, concluding the matters had been fully and fairly considered and were precluded from further review by administrative res judicata.

Mr. Nelson sought judicial review in the district court arguing that a due process hearing before an ALJ was never afforded; new and material evidence was submitted;

and the doctrine of *res judicata* does not apply to bar reconsideration. The district court disagreed, finding that it lacked jurisdiction to review the Secretary's refusal to reopen an application where the claimant had failed to raise a colorable constitutional claim.

We agree. "Absent a colorable constitutional claim not present here, a district court does not have jurisdiction to review the Secretary's discretionary decision not to reopen an earlier adjudication." *Torres v. Secretary of Health and Human Services*, 845 F.2d 1136, 1138 (1st Cir.1988). Nor does the district court have jurisdiction to review the ALJ's denial of Mr. Nelson's request for a hearing when the current claim has the same factual basis as the initial claim. *Matos v. Secretary of Health, Education and Welfare*, 581 F.2d 282, 286 (1st Cir.1978).

The district court correctly found that Mr. Nelson's unsupported allegation that he might have been suffering from a mental impairment when he submitted his first application for benefits is insufficient to create a colorable constitutional claim. The record has no evidence to support the claim other than the ALJ's denial of Mr. Nelson's request for a consultative psychological examination. With no other objective evidence presented to support the request, the ALJ was not required to authorize the consultation.

Mr. Nelson does not contend that the Secretary, in fact, reopened his case. Nor does he specify any new and material evidence offered to substantiate either his allegation of psychological impairment or the basis of reopening his claim.[1] On this record, we conclude the district court properly dismissed the complaint and AFFIRM.

---

1. In his brief, counsel contends the Secretary dismissed the case before he could submit any new and material evidence. We note that 20 C.F.R. § 404.933 explains how to request a hearing before an administrative law judge and states:

(a) *Written request.* You may request a hearing by filing a written request. You should include in your request—

. . . .

(3) A statement of additional evidence to be submitted and the date you will submit it.