13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert D. TILLETT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Department of Health and
Human Services, Social Security Administration,
and John Doe, Defendants-Appellees.
 No. 93-4081.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 30, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's grant of the Secretary's motion to dismiss. Plaintiff filed an application for disability benefits on October 1, 1980. That application was denied initially, upon reconsideration, and after a hearing before an administrative law judge (ALJ). Plaintiff pursued no further appeal of that denial. Plaintiff applied for benefits again on March 26, 1986. The 1986 application was denied initially, upon reconsideration, and after a hearing before an ALJ. The Appeals Council denied review of the ALJ's decision. Plaintiff filed suit in the district court and it remanded the case to the Secretary for further development of the record. An ALJ again denied plaintiff's claim, and the Appeals Council denied review. Plaintiff appealed to the district court. The district court again remanded the case to the Secretary, this time to analyze plaintiff's claims in light of recent developments in the law.
 
 
 4
 On the second remand, the Appeals Council determined that plaintiff was disabled as of September 1980, but awarded benefits based on plaintiff's 1986 application, and only as of the date of that application. In addition to the evidence that had been considered in the previous proceedings, the Appeals Council based its decision on a 1991 medical evaluation by Dr. Paul Ventry, which included assessment of plaintiff's medical records and condition from as early as 1979. Plaintiff's 1980 application was addressed as follows:
 
 
 5
 The Appeals Council notes that the claimant filed an initial application for a period of disability and disability insurance benefits on October 1, 1980. That application was denied initially on January 5, 1981, and after reconsideration on March 25, 1981. On March 26, 1986, the claimant filed a second application for a period of disability and disability insurance benefits. Section 404.988(b) of Social Security Administration Regulations No. 4, provides that a determinaion [sic] may be reopened within 4 years of the date of the notice of the initial determination for good cause, as defined in section 404.989. The Appeals Council finds that the initial determination dated January 5, 1981 is not subject to reopening.
 
 
 6
 Appellant's App. at 10.
 
 
 7
 Plaintiff maintains that consideration by the Appeals Council of the medical evaluation which encompassed medical evidence as early as 1979, constituted a de facto reopening of his 1980 application. He argues that, because his earlier application was reopened de facto, he should be awarded benefits as of the date of his 1980 application, in addition to the benefits awarded based on the date of his 1986 application.
 
 
 8
 We have no jurisdiction to review the Secretary's refusal to reopen a claim for benefits. Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990); Taylor ex rel. Peck v. Heckler, 738 F.2d 1112, 1115 n. 6 (10th Cir.1984). Further, there was no de facto reopening of plaintiff's 1980 claim; the Secretary expressly refused to reopen the claim. See Brown, 912 F.2d at 1196.
 
 
 9
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3