16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cleofas MONTES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2273.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Montes appeals the denial of her Supplemental Security Income claim.[2] The district court held it lacked jurisdiction to review the decision of the Secretary not to reopen Ms. Montes' SSI application filed in 1985 and 1986. We agree and affirm the decision of the district court.
 
 
 3
 Ms. Montes filed applications for supplemental security income (SSI) in 1985, 1987 and 1988, both claiming a disability arising in 1984. These applications were denied and were not appealed.
 
 
 4
 In 1989, Ms. Montes again filed an application for SSI and the administrative law judge found Ms. Montes was disabled as of 1984. In reaching this conclusion, the administrative law judge reopened sequentially Ms. Montes' prior applications by viewing each as an implied request to reopen the previously filed determination.
 
 
 5
 The Appeals Council sua sponte reviewed the administrative law judge's determination pursuant to 20 C.F.R. Part 416.1469 (1993) and found the earlier 1985 and 1987 applications could not be reopened because the time period for doing so had lapsed. The Appeals Council also decided the 1988 determination was within the proper time period revising that determination in light of the current finding of disability.
 
 
 6
 Ms. Montes appealed this ruling to the district court. The district court concluded there had been no de facto reopening of the 1985 and 1987 rulings and held it had no jurisdiction to review the decision of the Secretary not to reopen the SSI applications filed in 1985 and 1987.
 
 
 7
 Judicial review of claims arising under the Social Security Act is limited by statute to a civil action commenced within sixty days of notice of the final decision. 42 U.S.C. 405(g). The Supreme Court has held this statutory provision provides the exclusive avenue for judicial review of claims for Social Security disability benefits. Heckler v. Ringer, 466 U.S. 602 (1984). Absent a "final decision of the Secretary," the federal courts will have no jurisdiction to review.
 
 
 8
 Ms. Montes urges we adopt the view of the administrative law judge (ALJ) and use each revised determination to bootstrap a new time period for reopening the next previous determination. We reject this interpretation of governing reopening regulations. Our review is focused on the decision of the Appeals Council, not the ALJ's decision. See White v. Schweiker, 725 F.2d 91, 94 (10th Cir.1984) (following the review of the Appeals Council, "[i]t is as if the hearing before the ALJ on the merits ... never took place."). The Secretary's decision to reopen a previously denied claim for benefits is discretionary, and therefore, a nonfinal decision unreviewable under 405(g). Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990). Absent a colorable claim of constitutional deprivation, we are without jurisdiction to review the Secretary's decision. See Sanders, 430 U.S. at 109; Nelson v. Secretary of Health and Human Servs., 927 F.2d 1109, 1111 (10th Cir.1990).
 
 
 9
 That the Appeals Council found "good cause" to reopen the 1988 application does not change our analysis. The Appeals Council dismissed the reopening of the prior 1986 and 1987 determinations as lapsed. This determination is still within the discretion of the Secretary and we are bound by Supreme Court authority and our own precedent.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Ms. Montes was also awarded widow's benefits. This award has not been appealed and is not before this court