52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Margaret L. DARLAND, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5136.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Margaret Darland appeals the district court's affirmance of the Secretary's denial of her third application for supplemental security income disability benefits. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291. We affirm.
 
 
 3
 Claimant, a fifty-two year old woman, suffers from obesity. Additionally, since 1978, she has experienced problems with pain and swelling in her right leg. Her leg problems possibly stem from a stroke or multiple sclerosis, although both diagnoses are unconfirmed. Claimant testified at her disability hearing that the pain in her right leg, hip and knee, is constantly present. Because of her pain, she allegedly falls often and cannot walk more than five to ten feet unassisted, stand for more than five minutes at a time, or sit for prolonged periods.
 
 
 4
 The administrative law judge (ALJ) denied benefits at step five of the five-step disability analysis. See 20 C.F.R. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(explaining five steps). The ALJ determined that claimant retained the residual functional capacity to perform a limited range of light and sedentary work. The Appeals Council denied review, and the ALJ's determination became the final decision of the Secretary.
 
 
 5
 On review, we determine only whether the Secretary's findings are supported by substantial evidence and whether she applied the correct legal standards. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 6
 On appeal, claimant attacks the ALJ's conclusion that she can perform sedentary and light work. She complains that the ALJ did not properly consider the objective medical evidence and her subjective complaints of pain. Further, she contends that the ALJ should have asked the vocational expert a hypothetical question that noted claimant's limited mobility, pain and swelling in her feet, and inability to sit for prolonged periods of time. Finally, claimant argues that the ALJ erroneously failed to reopen and reconsider her previous disability applications.
 
 
 7
 In considering whether the ALJ improperly discounted claimant's allegations of disabling pain, we examine "(1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir.1992). The ALJ found that although the medical evidence shows a pain-producing impairment, claimant's condition is not disabling because it does not preclude her from performing some substantial gainful activity.
 
 
 8
 That finding, we conclude, is supported by substantial evidence. The ALJ appropriately considered the medical evidence of claimant's leg problems and, consistent with Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987), considered other evidence indicative of claimant's pain, such as claimant's testimony regarding the nature, duration, and frequency of the pain, claimant's medication and other efforts to alleviate pain, and whether functional limitations had been placed on claimant. No record evidence undermines the ALJ's credibility determination that claimant exaggerated her pain. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990)(per curiam)(explaining that absent record evidence to the contrary, ALJ's credibility determinations are generally binding).
 
 
 9
 Further, we conclude that substantial evidence supports the ALJ's assessment of claimant's residual functional capacity. Specifically, the ALJ found that claimant's capacity to perform light and sedentary work was reduced by: "[her] ability to stand only 30 minutes at a time due to obesity and right leg weakness; the ability to walk only short distances, due to right leg weakness; [and] chronic pain, particularly in the right hip and leg, of sufficient severity to be noticeable to the claimant at all times." Aplt.App. vol. II, at 21. The ALJ appropriately considered the relevant medical and nonmedical evidence. Aside from claimant's testimony, nothing in the record indicates that she cannot stand for thirty minutes, walk short distances and sit, albeit with some pain. As the ALJ observed, "no functional restrictions have been imposed upon the claimant by any physician, either treating, consultative, or examining." Id. at 17. In fact, medical reports from Doctors Cooper, Calhoun, and Karathanos from 1988, 1989, and 1990, indicate that while plaintiff suffers from some right lower extremity weakness, she has a stable and safe gait, unassisted.
 
 
 10
 We also conclude that the ALJ's hypothetical question to the vocational expert related with precision, see Hargis, 945 F.2d at 1492, to claimant's impairments. See Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987)(hypothetical question need not reference conditions that have not been shown to interfere with ability to work). The vocational expert testified that a person with claimant's exertional and nonexertional limitations could perform the sedentary jobs of cashier and order clerk, and the light jobs of mail clerk and library clerk. We need not address claimant's argument that based on the ALJ's own assessment of her residual functional capacity, she cannot engage in light work, because the sedentary jobs, alone, provide substantial evidence that claimant can perform a significant number of jobs in the national economy. See Testimony of Vocational Expert, Aplt.App. vol. II, at 53 (615,000 cashier jobs and 87,000 order clerk jobs available in national economy).
 
 
 11
 Finally, we turn to claimant's argument that the ALJ should have reopened the previous disability determinations. " 'Absent a colorable constitutional claim' " we lack " 'jurisdiction to review the Secretary's discretionary decision not to reopen an earlier adjudication.' " Nelson v. Secretary of Health & Human Servs., 927 F.2d 1109, 1111 (10th Cir.1990)(quoting Torres v. Secretary of Health & Human Servs., 845 F.2d 1136, 1138 (1st Cir.1988)). Claimant asserts a due process violation from misleading denial notices that somehow prevented her from receiving an administrative hearing on her previous applications. Claimant, however, lacks standing to raise such a claim because she has not demonstrated reliance on the allegedly defective denial notices. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). We note that claimant also asserts a due process violation because she was not represented by counsel in connection with her previous applications. That argument, however, was not presented to the district court and we decline to consider it on appeal. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993).
 
 
 12
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470