Thomas L. SMITH, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

Civil Action No. 92–K–297.

United States District Court, D. Colorado.

Jan. 31, 1996.

**416**

Frederick W. Newall, Colorado Springs, CO, for Plaintiff.

Kathleen L. Torres, Assistant U.S. Attorney, Denver, CO, for Defendant.

### MEMORANDUM DECISION ON APPEAL AND ORDER OF PARTIAL REMAND

KANE, Senior District Judge.

This is an administrative appeal from the decision of the Secretary denying the request of Plaintiff Thomas L. Smith to reopen his 1982 claim for disability insurance.

I address the preliminary jurisdictional issue raised by Defendant, the Commissioner of Social Security. She argues I lack jurisdiction to review the decision of the ALJ refusing to reopen Smith's 1982 application and that of an Administrative Appeals Judge not to reopen the 1982 and, a newly discovered, 1984 applications.

I conclude I do not have jurisdiction to review the refusal to reopen the 1982 application. The paucity of information regarding the newly found and apparently previously unadjudicated 1984 claim precludes me from forming an opinion regarding that claim and I therefore remand the case to the Defendant for clarification of the record and for further action to resolve the issues involving the 1984 application.

### I. *Procedural Background.*

On March 19, 1991 an ALJ, based on a claim filed in 1990, found Smith disabled from March 16, 1981. The ALJ also found new and material evidence to warrant the reopening of Smith's earlier claim dated August 27, 1987. However the ALJ refused to reopen Smith's prior January 19, 1982 application.

On December 30, 1991, The Department of Health and Human Services Appeals Council ("Appeals Council") denied Smith's request for review.

On February 18, 1992, Smith filed a complaint against the Secretary of the Department of Health and Human Services ("Secretary") appealing the decision that he was not entitled to reopen his 1982 claim based on his 1990 claim which resulted in a favorable decision. He sought jurisdiction pursuant to 42 U.S.C. § 405(g). That section pertinently provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision...."

On April 23, 1992, the Secretary filed a motion to remand. The Secretary stated the Appeals Council had further reviewed Smith's case and determined that a remand for further proceedings was appropriate. The Council intended to remand the claim to an ALJ to Determine whether Smith's mental illness prevented him from understanding and pursuing his administrative claims.

Under Social Security Ruling 91–5p, a previous denial determination can be reopened even beyond the ordinary time frame limits if certain conditions are met. Specifically, the individual at the prior application stage must have been unrepresented and when denied must not have understood the appeal rights because of a mental condition, or other circumstances not applicable here.

On April 27, 1992, I remanded the case to the Secretary for further proceedings as requested and declared the court case closed.

On May 18, 1992, I granted Smith's motion to alter the order of remand and retained jurisdiction for such further proceedings as were necessary or appropriate.

The Appeals Council remanded the case to a second ALJ for consideration of whether the January 19, 1982 application could be reopened pursuant to Social Security Ruling 91–5p.

A hearing was held on the matter on October 8, 1992 where Smith was represented by Attorney Frederick Newall. Smith's friend Elli Stephenson was also present.

In a January 26, 1993 decision, the second ALJ determined, although Smith had a substantial medical history, the medical evidence did not show any kind of impairment beginning at the time of the initial denial in 1982 which would have prevented him from understanding his right to appeal that determination.

On September 15, 1995, an Administrative Appeals Judge affirmed the decision of the second ALJ and declined to reopen both the 1982 claim and, an apparently newly discovered, 1984 claim.

On November 15, 1995, Smith moved for leave to file an amended complaint against Shirley S. Chater, Commissioner of Social Security. On November 21, 1995, I granted the motion and deemed the amended complaint filed as of that date.

On January 22, 1996, Defendant, rather than filing a motion to dismiss the appeal, filed an answer asserting, *inter alia*, I lack jurisdiction because a decision to deny reopening of a claim is not an action subject to judicial review.

I set the case for oral argument for one hour on February 2, 1996, stating this is an administrative appeal and no briefs were required. In preparing for oral argument, the challenge to jurisdiction was discovered in the answer. Upon review, I have decided that oral argument would be of no value.

## II. *Jurisdiction.*

The Amended Complaint seeks jurisdiction under 42 U.S.C. § 405(g) (allowing review by a district court of any final decision of the Secretary); 28 U.S.C. § 1361 (allowing jurisdiction over a mandamus action to compel an agency to perform a duty owed to the plaintiff); 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1651 (jurisdiction to issue writs). (Am.Compl. ¶ 1.)

Smith asserts in 1995 the Appeals Council located a 1984 claim which is still open or is within four years of the 1987 reopened claim but nevertheless denied review of that claim. (*Id.* ¶ 3 and Ex. 2.) He claims I have mandamus jurisdiction and jurisdiction to review the denial of his rights to due process "by the failure of the Commissioner to follow her own reopening and review regulations and rules or by a defacto [sic] reopening." (*Id.* ¶ 4.) In support he cites *Gallegos v. Shalala,* No. 93–Z–310, 1994 WL 706933 (D.Colo. Aug. 3, 1994) and 20 C.F.R. 404.970(b).[1]

Defendant asserts the only ground for jurisdiction in a social security civil action lies under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). She asserts I lack jurisdiction because a decision to deny reopening of a claim is not an action subject to judicial review.

On March 19, 1991, the ALJ reopened Smith's application dated August 27, 1987 because the January 18, 1990 application was filed within four years of the initial denial notice of the 1987 application (on January 20, 1988) and he found good cause existed under 20 C.F.R. § 404.988 to reopen the 1987 application. That regulation pertinently provides:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within twelve months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case....

20 C.F.R. § 404.988 (1995). Under 20 C.F.R. § 404.989, good cause exists to reopen a determination or decision if, *inter alia,* new and material evidence is furnished.

---

1. The regulation provides:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. 20 C.F.R. 404.970(b) (1995).

On March 19, 1991, the ALJ found, based on new and material evidence, in the form of testimony at the hearing and medical evidence, Smith was disabled during the period adjudicated by the 1987 application and therefore he reopened that application. The ALJ found since the alleged date of onset of disability of March 16, 1981, Smith had not had the functional capacity to perform any work on a regular or sustained basis and had been under a "disability" as defined in the Social Security Act since that date.

Smith apparently argues because in March 1991 the ALJ either reviewed his prior 1982 claim on the merits or took additional evidence, a de facto reopening of the 1982 claim resulted, creating jurisdiction in the district court. (Am.Compl. ¶ 4.)

Smith also seemingly relies on the reasoning of Judge Weinshienk in *Gallegos* that, because the complaint is based on the ALJ's interpretation of a federal regulation, review is proper if, in deciding not to reopen Smith's 1982 claim, the ALJ misinterpreted that regulation resulting in violation of Smith's constitutional rights of due process. *See Gallegos* 93–Z–310, 1994 WL 706933 at * 1–2 and Am.Compl. ¶ 4.

▮ Defendant's position is that the only ground for jurisdiction in a social security civil action is under 42 U.S.C. § 405(g) which allows review only of a final decision of the Secretary and that a decision to deny reopening of a claim is not a final decision and is not subject to judicial review. The case law supports this position. *See Heckler v. Ringer,* 466 U.S. 602, 614–15, 104 S.Ct. 2013, 2021–22, 80 L.Ed.2d 622 (1984).

Smith's reliance on *Gallegos* is misplaced. In *Gallegos,* plaintiff filed applications for supplemental security income in August 1987, April 1988, December 1989, and March 1991. In her last application plaintiff requested and was granted a hearing. Although the ALJ found plaintiff was disabled since July 1, 1987, the ALJ declined to reopen and revise the 1987 and 1988 applica-

tions, relying on the internal policy not to "piggy-back" reopenings. *Id.* at *1.

Defendant sought dismissal, arguing that because plaintiff did not request a hearing on the first two applications she was not entitled to review of those applications.[2] Judge Weinshienk found the district court had jurisdiction to review the ALJ's decision on reopening pursuant to 42 U.S.C. § 405(g). *Id.* She relied on the Tenth Circuit decision in *Taylor for Peck v. Heckler,* which held: " '[I]f an ALJ reviews a prior claim on the merits or takes additional evidence, a de facto reopening may result, creating jurisdiction in the district court.' " *Gallegos,* 1994 WL 706933 at *1 (quoting *Taylor,* 738 F.2d 1112, 1114–15 (10th Cir.1984)).

Judge Weinshienk concluded because the ALJ took into account the entire record including evidence from 1987, the ALJ "de facto reopened all the applications giving this court jurisdiction to review the matter." *Gallegos,* 1994 WL 706933 at *1.

I respectfully disagree with Judge Weinshienk. *Taylor* concerned an appeal under § 405(g) from a judgment of the district court affirming the denial of social security survivor benefits. Taylor filed an application for surviving child's insurance benefits on May 9, 1977, alleging Peck was the father of her two minor children. The application was denied for lack of proof of paternity. Taylor did not exercise her right to request a hearing before an ALJ or to seek further review by the Social Security Appeals Council.

On October 29, 1980, Taylor filed a new application on behalf of her two children which was denied as a duplicate claim. Upon a denial of reconsideration, Taylor requested a hearing before an ALJ. The ALJ held a full-scale hearing and issued a typewritten decision reviewing the applicable law and evidence, making specific findings of fact, and deciding the children were not eligible for survivor benefits. The Appeals Council refused to modify the decision.

On appeal to the district court, the Secretary's action was affirmed on the basis of

---

**2.** As noted above, § 405(g) provides an individual may obtain review "after any final decision of the Secretary made after a hearing to which he was party" within sixty days of mailing of such decision.

administrative res judicata. The district judge found the 1980 claim was duplicative of that in 1977 and the adverse ruling on the 1977 claim barred her from relitigating it.

The Tenth Circuit noted 20 C.F.R. § 404.987–404.989 (1983) permits the reopening of a decision for "good cause" within four years of the initial determination and that Taylor's second claim was filed two and one-half years after the initial determination. *Taylor,* 738 F.2d at 1114. The appeals court found the ALJ had not disposed of the second claim on the basis of res judicata. *Id.* at 1115. It also noted that the ALJ had not declined specifically to reopen the decision, *id.,* but that, had he done so, the decision would have been unreviewable under *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) and *White v. Schweiker,* 725 F.2d 91, 93 (10th Cir.1984). *See Taylor,* 738 F.2d at 1115 n. 6.

The appeals court held the ALJ had, by conducting the first evidentiary hearing in the case after the filing of the second claim, de facto reopened the initial claim. " '[B]y reviewing the case on its merits and considering the additional evidence submitted in support of the plaintiff's claim, the ALJ in effect permitted the reopening of the prior proceedings.' " *Taylor,* 738 F.2d at 1115 (quoting *Brown v. Heckler,* 565 F.Supp. 72, 74 (E.D.Wis.1983)).

Accordingly, the appeals court found the district court should not have denied judicial review of the Secretary's decision on the basis of res judicata but should have considered it on its merits, i.e. whether the findings of the ALJ were supported by substantial evidence. *Taylor,* 738 F.2d at 1115.

The subject case and *Gallegos* are distinguishable from *Taylor.* Here, the ALJ found there was no good cause to reopen Smith's 1982 application, did not consider that claim on its merits and expressly found the 1982 claim was not subject to reopening.[3] Similarly, in *Gallegos,* the ALJ did not consider the earlier claims on their merits but

rather declined to reopen them. *Gallegos,* 1994 WL 706933 at *1.

In these circumstances, the Tenth Circuit has followed the Supreme Court in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) and held the decision not to reopen is unreviewable. *See Montes v. Secretary of Health & Human Services,* 16 F.3d 416 (10th Cir.1994) (Table), No. 93–2273, 1994 WL 44840 (10th Cir. Feb. 16, 1994); *Tillett v. Shalala,* 13 F.3d 407 (10th Cir.1993) (Table), No. 93–4081, 1993 WL 539597 (10th Cir. Dec. 10, 1993); *Nelson v. Secretary of Health & Human Services,* 927 F.2d 1109, 1111 (10th Cir.1990); *Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir.1990); *Taylor,* 738 F.2d at 1115 n. 6; *White v. Schweiker,* 725 F.2d at 93.

In *Schulze v. Sullivan,* Judge Arraj followed this approach, noting, while de facto reopening may result where an ALJ reviews a prior claim on the merits or takes additional evidence, "[j]urisdiction is not created if the ALJ specifically declines to reopen the decision . . ." No. Civ. A. 91–A–669, 1991 WL 204943 at *2 (D.Colo. Oct. 7, 1991).

Thus, contrary to Judge Weinshienk's decision in *Gallegos,* I conclude Tenth Circuit precedent precludes me from reviewing the decision of the ALJ to deny the reopening of the 1982 claim.

The other basis on which Judge Weinshienk found jurisdiction in *Gallegos* was that "[i]f in deciding not to reopen plaintiff's first two petitions, the ALJ misinterpreted that regulation, plaintiff's constitutional right to due process would have been violated, and thus review of this matter is proper." *Gallegos,* 1994 WL 706933 at *1.

Smith apparently also relies on this statement as a jurisdictional basis for review of the denial of the 1982 claim. He states: "This court has mandamus jurisdiction and jurisdiction to review the denial of Mr. Smith's rights to due process by the failure of the Commissioner to follow her reopening and review regulations and rules. . . ." (Am. Compl. ¶ 4.)

---

3. The ALJ did not consider the 1984 claim which was apparently subsequently discovered by the Appeals Council upon remand in 1995. On September 15, 1995, the Appeals Council apparently concluded there was no evidence to support a finding that Smith did not understand his right to appeal the rejection of the 1982 or 1984 claims.

In *Gallegos,* Judge Weinsheink concluded "the ALJ should have applied the 'domino' or 'piggy-back' formula" of calculating the two year statutory period for reopening under 20 C.F.R. § 416.1488(b). *Gallegos,* 1994 WL 706933 at *2. There, the ALJ had concluded more than two years had lapsed since the filing of the 1987 and 1988 applications and therefore this precluded her from reopening those applications.

Applying the "piggy-back" formula, Judge Weinshienk found the ALJ's reopening of the 1989 application permitted her to reopen the determination of an application filed within the two year period from the reopened application and, "in domino fashion, permits the ALJ to reopen all the applications back to the first one filed." *Gallegos,* 1994 WL 706933 at *2.

▪ Here, there is no indication that the ALJ declined to reopen based on a misinterpretation of a federal regulation. Rather, the ALJ refused to reopen the 1982 application based upon a lack of evidence to show good cause existed for reopening the 1982 claim.

"Absent a colorable constitutional claim ... a district court does not have jurisdiction to review the Secretary's decision not to reopen an earlier adjudication." *Nelson,* 927 F.2d at 1111.

Accordingly the second leg of the jurisdictional finding in *Gallegos* appears to be without application to the issue of the denial of Smith's 1982 claim.

▪ The position with regard to the newly discovered 1984 claim is not clear. The 1995 Appeals Court located and apparently denied review of a 1984 claim, not previously considered by the ALJ. (Am.Compl. ¶ 3.) Smith maintains the "1984 claim ... is still open or within four years of the 1987 reopened claim but the Appeals Council still denied review...." (*Id.*)

Smith apparently argues the "piggy-back" approach should apply when he asserts the Commissioner has failed "to follow her own reopening and review regulations." (*Id.* ¶ 4.) The implication is that the ALJ's reopening of the 1987 application permitted him to reopen the 1984 claim filed within four years of

the reopened application if good cause existed. *See* 20 C.F.R. § 404.988 (1995).

Defendant in her answer admits the Appeals Council denied review of the 1984 claim but "[w]ith respect to whether the 1984 claim is still open, the defendant does not have sufficient knowledge to respond to this allegation and therefore neither admits nor denies the same." (Answer ¶ 3.) This is a staggering assertion! If an administrative agency does not know the status of its own records, it can hardly ask anyone to indulge it by engaging any presumption of regularity to its records or its proceedings. Moreover, an answer to a complaint brought in the district court to review an administrative decision is intended to place in issue questions of law to be decided on appeal. It is *not* an answer to place issues of fact in issue for a trial. *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560 (10th Cir.1994).

The only mention of the 1984 claim in the September 15, 1995 decision of the Administrative Appeals Judge is in the third sentence of his decision where he states: "You maintain that the provisions of Social Security Ruling 91–5p should be applied as a basis for reopening the 1982 and 1984 claims which were previously filed in this case." (Am. Compl., Ex. 2.)

It appears the Appeals Judge concluded the evidence did not show Smith failed to understand his appeal rights with regard not only to the denial of the 1982 claim, as determined by the ALJ, but also with regard to the newly discovered 1984 claim.

According to Smith, the 1984 claim was not previously adjudicated. *See* Mot. for Leave to File Am.Compl. ¶ 1. If it was not adjudicated, then, it would seemingly remain open. However the Appeals Judge's September 15, 1995 decision appeared to consider whether the provisions of Social Security Ruling 91–5p should be applied to reopen not only the 1982 but also the 1984 claim. (Am.Compl., Ex. 2.)

It does *not* seem, however, as the third paragraph of the Amended Complaint might suggest, that the Appeal Judge's denial of the 1984 claim was a denial of due process because he failed to apply the "piggy-back"

formula by failing to reopen the newly discovered 1984 claim when the 1987 claim was reopened. Rather, the Appeals Judge seems to have denied the 1984 claim because, as with the 1982 claim, there was no evidence that Smith did not understand his appeal rights. This point requires clarification. It is not the function of this court to buttress an administrative record by sheer conjecture.

### III. *Conclusion.*

For the reasons stated above, I find I am without jurisdiction to review the ALJ's decision to deny reopening of the 1982 claim. I remand this case to the Defendant to clarify the record on the 1984 claim and for further action to resolve the issues involving the 1984 application. Accordingly,

IT IS ORDERED THAT Plaintiff's appeal from the decision of the Secretary denying Plaintiff's request to reopen his 1982 claim is DENIED FOR LACK OF JURISDICTION;

IT IS FURTHER ORDERED THAT the case is PARTIALLY REMANDED to the Defendant to clarify the record on status of the 1984 claim and for further action to resolve the issues involving the 1984 claim.