UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROGER L. BLAIR,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 00-1006

---

ORDER
Filed October 17, 2000

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

Appellant's motion to publish the order and judgment dated August 30,

2000 is granted.  A copy of the published opinion is attached.

Entered for the Court
Patrick Fisher, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROGER L. BLAIR,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

       Defendant-Appellee.

No. 00-1006

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-B-221)**

---

Submitted on the briefs:

Frederick W. Newall, Colorado Springs, Colorado, for Plaintiff-Appellant.

Thomas L. Strickland, United States Attorney, Michael E. Hegarty, Assistant United States Attorney, and Yvette Keesee, Special Assistant United States Attorney, Denver, Colorado, for Defendant-Appellee.

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

**PER CURIAM.**

---

Plaintiff Roger L. Blair appeals an order of the district court affirming the Commissioner's decision to dismiss on res judicata grounds his request for an administrative hearing on whether he is entitled to disability benefits. We affirm. [1]

Mr. Blair has filed several applications seeking both Title II and Title XVI benefits alleging disability as of December 19, 1985. Mr. Blair did not seek reconsideration of the denial of either his 1987 and 1989 applications. His 1992 applications were also denied. Mr. Blair filed an untimely request for review of that denial four months after the decision was entered. The request was denied. [2] Mr. Blair filed again in 1995. He was approved for Title XVI benefits as of April 1, 1995. The administrative law judge (ALJ) held that no basis existed to reopen the prior Title II determinations and dismissed his request to reopen. The ALJ also held that Mr. Blair had not shown good cause for reopening under Soc. Sec. Reg. 91-5p.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] Mr. Blair was unrepresented in the 1987 and 1989 applications. He was represented by his current attorney for the 1992 applications.

Mr. Blair appealed that decision to the district court. The court held that Mr. Blair had not presented a colorable constitutional claim and that due process did not prohibit the ALJ's application of res judicata.

On appeal, Mr. Blair argues that he was entitled to a hearing before the ALJ because he did raise a colorable constitutional issue. He contends that this court should exercise its mandamus jurisdiction and require the Commissioner to follow his mental illness and res judicata rules. Finally, he maintains that the district court erred by not considering his appeal on the merits.

"Absent a colorable constitutional claim . . . , a district court does not have jurisdiction to review the Secretary's discretionary decision not to reopen an earlier adjudication. Nor does the district court have jurisdiction to review the ALJ's denial of [a claimant]'s request for a hearing when the current claim has the same factual basis as the initial claim." Nelson v. Secretary of Health & Human Servs., 927 F.2d 1109, 1111 (10th Cir. 1990) (quotation and citation omitted); see also Califano v. Sanders, 430 U.S. 99, 107-09 (1977) (Commissioner's decision to reopen previously denied claim for benefits is discretionary, and therefore, unreviewable as a nonfinal decision under 42 U.S.C. § 405(g)).

Mr. Blair argues that he raised a constitutional issue regarding his mental illness and, therefore, was entitled to a hearing before the ALJ. Mr. Blair

-3-

contends that his mental condition prevented him from understanding his right to appeal the initial denials of benefits in both applications.

A claimant will establish a mental impairment justifying failure to request review "when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review." Soc. Sec. Reg. 91-5p. To make this determination the ALJ must examine "any mental . . . condition which limits the claimant's ability to do things for him/herself." Id. Our review of the record shows that the ALJ complied with this regulation. Additionally, the record does not show that Mr. Blair lacked the mental capacity to understand the procedures for requesting review. Further, Mr. Blair fails to explain why he did not request reopening of the 1987 and 1989 claims in his 1992 applications in which he was represented by counsel.

Next, Mr. Blair contends that this court should exercise its mandamus jurisdiction and order the Commissioner to follow the agency's mental illness and res judicata rules. The writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Not only does Mr. Blair have other avenues to seek his requested relief, but the record shows that the ALJ did follow the applicable rules and regulations.

-4-

Finally, Mr. Blair maintains that the district court erred by not considering his appeal on the merits. As explained, _supra_, the district court did not have jurisdiction to consider the appeal on the merits. We further note that the ALJ did follow the procedures set forth in 20 C.F.R. § 404.1520(a) in evaluating the 1987 and 1989 applications. No error occurred.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.