**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

WANDA L. MCLEROY,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security,

        Defendant-Appellee.

No. 06-3409
(D.C. No. 05-CV-1353-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[**]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Wanda L. McLeroy filed a complaint for judicial review in federal district

court challenging the Social Security Commissioner's decision not to reopen a

prior application for benefits. The case was referred to a magistrate judge who

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommended dismissing Ms. McLeroy's case "because the court lacks jurisdiction to review the decision of the Commissioner not to reopen plaintiff's 1st disability application." Aplt. App., Vol. III at 1036. After thoroughly considering Ms. McLeroy's objections to the magistrate judge's recommendation, the district court adopted the recommendation and ordered the case dismissed for want of jurisdiction. *See generally Blair v. Apfel*, 229 F.3d 1294, 1295 (10th Cir. 2000) ("Absent a colorable constitutional claim . . ., a district court does not have jurisdiction to review the [Commissioner's] discretionary decision not to reopen an earlier adjudication. Nor does the district court have jurisdiction to review the ALJ's denial of [a claimant]'s request for a hearing when the current claim has the same factual basis as the initial claim." (internal quotations omitted)). This appeal followed.

Our jurisdiction arises under 28 U.S.C. § 1291. Ms. McLeroy frames the issue on appeal as follows:

> Whether the district court has jurisdiction to review the Commissioner of Social Security's decision that the ALJ did not have discretion to reopen plaintiff's first or prior application for disability insurance and supplemental security income benefits on the basis of *res judicata*?

Aplt. Br. at 2. We review de novo the district court's determination that it was without subject matter jurisdiction to consider Ms. McLeroy's challenge to the Commissioner's decision not to reopen her prior application for benefits. *See Mires v. United States*, 466 F.3d 1208, 1209 (10th Cir. 2006) ("Whether a district

-2-

court had subject matter jurisdiction is a question of law that we review *de novo*.").

In his well-reasoned recommendation, the magistrate judge provided a detailed summary of this case's procedural history, and we need not restate that material here. Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standard, we conclude that Ms. McLeroy has not identified any reversible error in this case and that the district court was correct to dismiss the case for want of jurisdiction. We therefore AFFIRM the judgment of the district court for substantially the same reasons as stated in the magistrate judge's recommendation, Aplt. App., Vol. III at 1025-37, and the district court's order adopting that recommendation, *id.*, Vol. III at 1043-47.

Entered for the Court


Robert H. Henry
Circuit Judge