**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN C. CAMPOS,

      Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant–Appellee.

No. 09-1324
(D.C. No. 1:08-CV-00456-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

John C. Campos filed a complaint in federal district court challenging a

decision by the Commissioner of the Social Security Administration (the

"Commissioner") not to reopen a prior application for Social Security disability

insurance and supplemental security income benefits. Campos also claimed that

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Commissioner erred in denying a subsequent application for benefits. The district court upheld the Commissioner's decision. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

## I

Campos first filed for benefits in January 2004. He alleged disability due to various impairments beginning on October 1, 2003. Campos' application was denied by an administrative law judge ("ALJ"), who determined that he was not disabled. The Appeals Council declined review, and Campos did not further appeal. Instead, he filed a second application alleging the same disability onset date and requesting that his initial application be reopened.

Campos' request to reopen was denied by the ALJ on the grounds that he failed to "introduce[] any new and material evidence regarding the period prior to the [first] decision on October 22, 2004." As a result, the ALJ held that the first decision was "administratively final" under the doctrine of res judicata. Turning to Campos' second application, the ALJ once again concluded that Campos was not disabled.

Campos sought review for a second time from the Appeals Council. His request was denied, and the Council's decision was ultimately affirmed by the district court. This appeal followed.

## II

### A

Unless a claimant raises a "colorable constitutional claim," Blair v. Apfel, 229 F.3d 1294, 1295 (10th Cir. 2000), "[n]either the district court nor this court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or [his] determination [that] such claim is res judicata," Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990). Campos has not identified any colorable constitutional claims. We therefore do not have jurisdiction to review the ALJ's decision concerning his first application.

### B

As to his second application, Campos argues that the ALJ erred by failing to afford the opinions of his treating physicians proper weight. "Our review of the [ALJ's] decision is limited to whether his findings are supported by substantial evidence in the record and whether he applied the correct legal standards." Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993) (quotations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

To determine how much weight a treating source's opinion should be afforded, an ALJ must first decide whether the opinion qualifies for "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). In making

-3-

this decision, the ALJ must consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2 (July 2, 1996) (quotations omitted). If an ALJ finds that a treating physician's opinion is not entitled to controlling weight, the ALJ must nevertheless afford it some deference according to the factors provided in 20 C.F.R. §§ 404.1527 and 416.927.[1] SSR 96-2p at *4.

Campos' main argument on appeal is that the ALJ should have given controlling weight to the opinion of his primary treating physician, Dr. Dean Branson, Jr.[2] In November 2004, Dr. Branson wrote:

---

[1] These factors include: (1) the duration, nature, and extent of the treatment relationship; (2) the degree to which the physician's opinion is supported by evidence in the record; (3) consistency between the record and the opinion; and (4) the physician's specialization or expertise. Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001).

[2] Campos also objects to the ALJ's treatment of other medical opinions, including: (1) Dr. Christine Jensen-Fox's opinion that Campos was disabled due to "alcoholic cirrhosis, ascites, anemia, celiac disease, esophageal varices, and alcoholic encephalopathy"; (2) Dr. Sue Mitchell's opinion that Campos had "Non-bleeding grade II esophageal varices"; and (3) Dr. Edward Carter's opinion that Campos had moderate to severe osteoarthritis, particularly in his right knee. The ALJ explicitly took Dr. Jensen-Fox's opinion into account in making his first disability assessment and agreed with Dr. Carter that Campos had osteoarthritis in both knees in his second assessment. As to those opinions which were not discussed at length by the ALJ, we note that an ALJ's failure to "explicitly discuss all the § 404.1527(d) factors for each of the medical opinions before him does not prevent this court from according his decision meaningful review." Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007).

Mr. Campos has multiple disabling problems. The main problem right now is severe osteoarthritis of the knees limiting his ability to [do] any kind of manual labor. He is in pain pretty much 24 hours [a day], 7 days a week. We are limited in the fact we cannot give him nonsteroid arthritis pills because of his esophageal varices. Other factors: he has a history of cirrhosis and esophageal varices which are likely life-long and he also has a history of celiac disease which will be a life-long illness also.

Please note that I expect the patient to be disabled life-long because of the arthritis and the cirrhosis.

We reject Campos' assertion that Dr. Branson's disability determination was entitled to controlling weight. Medical source opinions on certain issues reserved to the Commissioner are not given controlling weight, even when provided by a treating physician. SSR 96-8p, 1996 WL 374184, at *8 n.8 (July 2, 1996). Campos' disability status, and the nature and severity of his impairments, are issues reserved to the Commissioner. §§ 404.1527(e), 416.927(e); see also SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). Accordingly, Dr. Branson's determination that Campos was disabled was not entitled to controlling weight.

For those issues not reserved to the Commissioner, we conclude that the ALJ properly followed the analysis required by §§ 404.1527(d) and 416.927(d). Among other points, the ALJ noted that: (1) Campos reported going on a three-mile hike two weeks before Dr. Branson issued his November 2004 report; (2) there were "no objective medical findings in Dr. Branson's clinical records to contradict the findings [of a non-treating physician] that [Campos] has no liver abnormalities"; and (3) Dr. Branson himself noted in February 2005 that Campos'

-5-

cirrhosis had improved.  These are adequate reasons for not affording Dr. Branson's opinion controlling weight.  See White v. Barnhart, 287 F.3d 903, 907-08 (10th Cir. 2002) (opinion of treating physician may be rejected if unsupported by other evidence of record).

Campos' remaining arguments are insufficiently developed for us to consider them on appeal.  See Habecker v. Town of Estes Park, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008).

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge