James E. BROWN, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 89–7020.

United States Court of Appeals, Tenth Circuit.

July 12, 1990.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Roger Hilfiger, U.S. Atty., Muskogee, Okl., Gayla Fuller, Chief Counsel, Region VI, John M. Gough, Principal Regional Counsel, Social Sec. Disability Litigation Branch, Marguerite Lokey, Asst. Regional Counsel, Office of the General Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before ANDERSON, BARRETT, and BALDOCK, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant-appellant James E. Brown appeals from the district court's order affirming the decision of the appellee Secretary of Health and Human Services to deny claimant's applications for social security disability benefits, 42 U.S.C. §§ 401–33, and supplemental security income (SSI) benefits, 42 U.S.C. §§ 1381–83c. We affirm.

The Secretary initially found claimant disabled and awarded him disability benefits on August 11, 1972, due to recurrent squamous cell carcinoma. The Secretary later terminated those benefits in August, 1982. Claimant filed applications for disability and SSI benefits in January, 1984. Although benefits were denied, claimant did not appeal.

Claimant filed his current requests for disability and SSI benefits in November, 1984, alleging problems with his legs, feet, knees, heart, high blood pressure, and high blood count. Benefits were denied initially and on reconsideration. After holding an evidentiary hearing, the administrative law judge (A.L.J.) concluded claimant was not disabled. When the appeals council declined further review, claimant appealed. On the Secretary's motion, the case was remanded to the Secretary for a new hearing, because an inaudible hearing tape precluded preparation of the administrative record.

The A.L.J. held a second hearing at which claimant and his attorney appeared. The A.L.J. determined that claimant suffered from the severe impairments of:

a history of carcinoma of the right parotid gland, status post-op without recurrance [sic]; status post myocardial infarction; hypertension with no evidence end organ damage; possible torn meniscus of the left knee and possible osteoarthritis of both knees; recurrent skin cancer, controlled; residuals of a gunshot wound to the left leg; and low back pain[.]

The A.L.J. rejected claimant's complaints of pain as grossly exaggerated, not credible, and unworthy of belief and determined claimant had the residual functional capacity to perform sedentary work. Based on claimant's age of forty-eight years, eighth grade education, prior heavy, unskilled work as a truck driver, instrument fitter and oil field laborer, and residual functional capacity, the A.L.J. applied the Medical–Vocational Guidelines, 20 C.F.R. pt. 404,

**1196**

subpt. P, app. 2 and § 416.969 (1989), and determined claimant was not disabled.

On review, the appeals council adopted the A.L.J.'s findings and conclusions with supplementation of new medical evidence and further discussion of the evidence. Additionally, the appeals council applied res judicata to the period of disability ending October, 1982. The district court affirmed.

On appeal, a reviewing court considers only whether the Secretary's decision is supported by substantial evidence. *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Although a reviewing court will meticulously examine the record, it will not weigh the evidence or substitute its discretion for that of the Secretary. *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir.1983). Also, the reviewing court considers whether the Secretary applied the correct legal standards. *Bernal*, 851 F.2d at 299.

On appeal, claimant first argues that his recent applications for benefits should have been treated as a reopening of his termination of benefits. Although he did not appeal the termination of benefits, claimant believes his recent applications should have been evaluated under the medical improvement standard rather than the standard for new disability claims. Additionally, claimant contends the A.L.J. "non-explicitly reopened the case."

■ The appeals council, in its opinion, stated that any issues pertaining to disability prior to October, 1982, were res judicata. Neither the district court nor this court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or determination such claim is res judicata. *Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir.1985), *cert. denied*, 475 U.S. 1025, 106 S.Ct. 1222, 89 L.Ed.2d 332 (1986). The Secretary's decision not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. § 405(g). *Krumpelman*, 767 F.2d at 588.

■ Claimant may not use these later applications for benefits as an attempt to circumvent the appeal requirements for a termination of benefits. The medical improvement standard applies only in termination cases, not in later applications for benefits. *Richardson v. Bowen*, 807 F.2d 444, 445–46 (5th Cir.1987).

■ Contrary to claimant's argument, nothing in the record indicates the Secretary actually reopened claimant's case. *Cf. Taylor ex rel. Peck v. Heckler*, 738 F.2d 1112 (10th Cir.1984) (A.L.J. de facto reopened prior proceedings by reviewing case on merits and considering additional evidence). Because the Secretary expressly refused to reopen by invoking the doctrine of res judicata, there was no reopening in fact. *See id.* at 1115 n. 6.

Accordingly, we conclude the A.L.J. did not reopen claimant's case. We, therefore, do not have jurisdiction to review the Secretary's refusal to reopen and application of res judicata principles.

Claimant's second and third arguments on appeal are that the A.L.J. erred in failing to call a vocational expert to evaluate claimant's complaints of pain and skin cancer condition and the A.L.J. erred in ruling that claimant's complaints of pain were not credible. We conclude the arguments are without merit. The A.L.J. and appeals council thoroughly considered both the medical and subjective evidence. Therefore, we affirm the denial of benefits for substantially the reasons stated in their opinions.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.