16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joan E. OSWALD, Plaintiff-Appellant,
v.
HEALTH & HUMAN SERVICES SECRETARY, a/k/a Louis W. Sullivan,
M.D., Defendant-Appellee.
 No. 93-8007.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Joan E. Oswald appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny Ms. Oswald's fourth application for social security disability benefits, 42 U.S.C. 401-33. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 Ms. Oswald filed her fourth application for social security disability benefits on January 19, 1990, alleging (as she had in her three prior applications) a disability onset date of June 1983 as a result of lower back and leg pain. Benefits were denied initially and on reconsideration. At Ms. Oswald's request, the administrative law judge (ALJ) held a hearing and later issued a decision denying Ms. Oswald's fourth application for benefits. In his decision, the ALJ specifically found that "[t]he denial decision issued on October 31, 1986 [involving Ms. Oswald's third application], is ... entitled to administrative finality. The findings of fact and conclusion of law set forth therein are res judicata." Limiting the time under consideration to November 1, 1986 (the day after the third application was denied) through December 31, 1987 (the date Ms. Oswald's insured status expired), the ALJ found that Ms. Oswald was not disabled because she retained the residual functional capacity to perform sedentary work which existed in significant numbers in the national economy. The Appeals Council adopted the ALJ's determination, making it the Secretary's final decision, and Ms. Oswald brought suit in federal district court. The district court affirmed the Secretary's denial of Ms. Oswald's fourth application and Ms. Oswald appealed.
 
 II. Discussion
 
 4
 Ms. Oswald essentially asserts that the ALJ committed two errors. In reviewing the decision of the Secretary, our review is limited to determining whether the decision is based on substantial evidence. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992). "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). However, we may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Id. We also consider whether the Secretary applied the correct legal standards. Id.
 
 
 5
 Ms. Oswald first argues that the ALJ erred in invoking the doctrine of res judicata as a reason for refusing to open Ms. Oswald's prior applications for disability benefits. It is well settled, however, that neither the district court nor this Court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or the Secretary's determination that a claim is res judicata. Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990). Here, in denying Ms. Oswald's fourth application, the ALJ explicitly refused to reopen the prior applications for benefits by invoking the doctrine of res judicata as to all findings of fact and conclusions of law contained in the October 31, 1986 decision. Ms. Oswald nevertheless contends that the ALJ de facto reopened the prior applications when he ruled on her fourth application. We disagree. Nothing in the record indicates that the ALJ's decision effectively reopened the prior applications. Rather, the ALJ's decision explicitly denied reopening the prior applications by invoking the doctrine of res judicata to limit the time period under consideration on the fourth application from November 1, 1986, to December 31, 1987. Accordingly, we do not have jurisdiction to review the Secretary's refusal to reopen the applications or the determination that the prior applications are barred by res judicata.
 
 
 6
 Ms. Oswald also contends that the district court erred in affirming the Secretary's finding that she was not disabled. Based on our careful review of the record, we conclude for substantially the same reasons given by the district court that substantial evidence supports the Secretary's decision that Ms. Oswald was not disabled between November 1, 1986 (the day after her third application was denied) and December 31, 1987 (the date Ms. Oswald's insured status expired). AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----