Filed 9/27/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KENNETH E. BURKE,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 95-5230
(D.C. No. 93-C-789-W)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

argument.  <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Kenneth E. Burke appeals from the district court's order affirming the Secretary of Health and Human Services' denial of his application for Social Security disability insurance benefits.[1]  Claimant, a fifty-four year-old male with a ninth-grade education, has worked in the past as an oil field driller and truck driver.  He alleges disability from April 29, 1985, when he suffered an on-the-job accident in which 7,500 volts of electricity passed through his body, resulting in arthritis, soft tissue injuries, hypertensive vascular disease, ischemia and coronary artery disease, chronic venous insufficiency, a history of trans ischemic attacks, and somatoform disorder.

Claimant's first application for disability benefits, filed on June 17, 1986, was denied on August 6, 1986, and was not appealed.  Following a hearing before an administrative law judge, claimant's second application, filed on March 27, 1990, also was denied.  On review, the Appeals Council remanded the case for a supplemental hearing held on February 22, 1993, resulting in another denial

---

[1]     Although this case was filed after the functions of the Secretary of Health and Human Services, Donna E. Shalala, were transferred to the Commissioner of Social Security, Shirley S. Chater, effective March 31 1995, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

decision. The magistrate judge affirmed the decision of the Secretary.[2] On appeal, claimant contends that the Secretary's decision was not based on substantial evidence, that the ALJ erred in weighing the opinions of claimant's treating physicians, and that the ALJ erred in relying on the opinion of Dr. E. Joseph Sutton, II, a consulting physician.[3]

Our review of the Secretary's decision is limited to determining whether it is supported by substantial evidence and whether the Secretary applied correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988). However, we may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Id. Applying these standards, and after thorough review of the record, we affirm.

---

[2]    By consent of the parties, this matter was decided by the magistrate judge. See Fed. R. Civ. P. 73(a).

[3]    Claimant raises several other issues relating to the ALJ's decision which were neither raised nor ruled on in the district court. Because our scope of review is limited to those issues properly preserved and presented in the district court, claimant's additional issues are deemed waived. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994)("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). If a claimant meets his burden of proving that he cannot return to his past work, the burden shifts to the Secretary to show that the claimant can perform other jobs in the national economy. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Here, the administrative law judge denied benefits at step five of the five-step evaluation process applied for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 ( 10th Cir. 1988)(discussing the five steps in detail). Finding that claimant could not return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a full range of medium work limited by his ability to stoop and bend only occasionally.

The only developed argument claimant asserts is that the ALJ failed to give sufficient weight to the opinions of his treating physicians. It is well settled that substantial weight must be given to the opinion of a treating physician unless good cause is shown to disregard it. Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995). "When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is

to examine the other physicians' reports to see if [they] outweigh[] the treating physician's report, not the other way around." Id. at 290 (further citation omitted).

Claimant argues that the medical opinions given by the physicians treating him immediately subsequent to his accident should be considered dispositive of his disability. Several of these reports stated that, for a period of time following his accident, claimant was not able to work. Claimant appears to argue that these opinions are evidence of disability per se, and the ALJ should have used the later examinations as evidence of whether claimant's condition had improved. The improvement standard, however, applies only in termination cases. Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990).

As the ALJ noted, the majority of the opinions rendered following claimant's accident were for the benefit of evaluating claimant's entitlement to workmen's compensation. Moreover, contrary to claimant's assertion, the ALJ's inquiry centered on whether claimant's condition had worsened since 1986, and because claimant submitted very little evidence indicating that he sought medical treatment between that time and the expiration of his insured status on March 31, 1991, the later consultative evaluations were the best evidence on which to rely. Therefore, the ALJ properly gave more weight to the more recent examinations, and adequately stated his reasons for doing so. See Goatcher, 52 F.3d at 290.

Next, claimant argues that the ALJ's reliance on the consultative examination of Dr. Sutton does not constitute substantial evidence because the ALJ did not provide Dr. Sutton with the necessary background information, and because Dr. Sutton's report was inconsistent with the evaluations of the other consultative physicians, Dr. Jerry D. First and Dr. David M. Heck. Our review of the record shows that Dr. Sutton's report was prepared based on a thorough examination of claimant and a comprehensive understanding of claimant's medical history. See R. Vol. II at 412-16. Moreover, claimant does not relate any specific, relevant inconsistencies in the consultative reports, and our review of the record did not reveal any such inconsistencies. Accordingly, we conclude, as did the magistrate judge, that the ALJ's finding of no disability is supported by substantial evidence and, further, that the ALJ applied the correct legal standards in reaching his decision.

As a collateral matter, we note that in his decision, the ALJ determined that there was no good cause for reopening claimant's August 6, 1986 denial of benefits, and therefore, claimant was precluded from claiming disability prior to that date. Claimant argued to the district court, and the magistrate judge agreed, that because the ALJ considered the medical evidence submitted in support of the 1986 application, he had effectively reopened the application.

In her brief to this court, the Secretary argues that the magistrate judge erred in determining that res judicata did not bar the reopening of claimant's 1986 application. Because the Secretary failed to perfect an appeal on this issue, it is not properly before this court. See Massachusetts Mutual Life Ins. Co. v. Ludwig, 426 U.S. 479, 480-81 (1976)(holding that while a nonappealing party may raise any argument in support of a judgment, without a cross-appeal, a nonappealing party may not argue "'with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary'")(quoting United States v. American Ry. Express Co. 265 U.S. 425, 435 (1924)). Our decision in this case obviates further consideration of either the preservation issue or the de facto opening issue.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.


Entered for the Court


G. Thomas Van Bebber
District Judge