**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JO LEE EDEN,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 97-7011
(D.C. No. CV-95-257-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J.
Callahan, Acting Commissioner of Social Security, is substituted for Donna E.
Shalala, Secretary of Health and Human Services, as the defendant in this action.
Although we have substituted the Commissioner for the Secretary in this caption,
in the text we continue to refer to the Secretary because she was the appropriate
party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's affirmance of the Secretary's determination that he is not disabled and is, therefore, not entitled to disability benefits or supplemental security income benefits.  On appeal, plaintiff argues that the administrative law judge (ALJ) failed to consider properly his mental impairments in combination with his other impairments to determine his residual functional capacity (RFC) when the ALJ failed to prepare a Psychiatric Review Technique (PRT) form.  We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the administrative record viewed as a whole and whether correct legal standards were applied.  See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  Because we conclude the ALJ failed to apply correct legal standards, we remand for further proceedings by the ALJ to assess plaintiff's mental impairment in accordance with the regulations.

Plaintiff has made three prior applications for disability and SSI benefits.[1] In this fourth case, plaintiff alleges disability due to pain in his right shoulder, leg and ankle, back problems, and limitations imposed by borderline intelligence and functional illiteracy. After holding an administrative hearing, the ALJ denied benefits. The ALJ determined that although plaintiff suffers from arthritis of the right ankle, bursitis of the right shoulder, tenderness in his low back, and an inability to read and write and he is unable to perform his past work, he retains the RFC to perform a full range of sedentary work, subject to his inability to read and write. Accordingly, the ALJ concluded plaintiff is not disabled and denied benefits at step five of the controlling five-step analysis. See 20 C.F.R. §§ 404.1520; 416.920.

Plaintiff argues the ALJ failed to evaluate his mental impairment of borderline intelligence as required by 20 C.F.R. §§ 404.1520a and 416.920a and failed to prepare a PRT form. In evaluating a mental impairment allegedly preventing the plaintiff from working, the ALJ must follow special procedures and prepare a PRT form. See 20 C.F.R. §§ 404.1520a; 416.920a; Cruse v. United

_____

[1] The ALJ declined to reopen the most recent, August 19, 1993, denial. Thus, plaintiff must show disability as of August 20, 1993. See Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (42 U.S.C. § 405(g) does not permit judicial review of refusal to reopen social security claims); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990) (federal courts have no jurisdiction to review Secretary's refusal to reopen claim for disability benefits).

States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995); Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1048-49 (10th Cir. 1993). The ALJ failed to do so. Accordingly, remand is required for the ALJ to follow the special procedures and prepare the form as required by the regulations.

Because the ALJ must reconsider plaintiff's alleged mental impairment, we do not consider plaintiff's argument that the ALJ failed to fully present plaintiff's impairments to the vocational expert. After making the appropriate findings regarding plaintiff's mental impairment, the ALJ must then determine whether to obtain further vocational testimony.

Because the ALJ failed to apply the correct legal standards, the judgment of the United States District Court for the Eastern District of Oklahoma is VACATED. The action is REMANDED to the district court with directions to remand to the Commissioner for further findings by the ALJ, who is to reconsider the disability determination after properly assessing plaintiff's mental impairment.

Entered for the Court


Deanell Reece Tacha
Circuit Judge