**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RANDELL DUKES,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

        Defendant-Appellee.

No. 98-6031
(D.C. No. 96-CV-887)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN,**[**] Senior District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's affirmance of the Commissioner's decision denying his application for disability insurance benefits. On appeal, plaintiff argues that (1) the ALJ erred in determining his combined impairments did not meet or equal a listed impairment, and (2) the ALJ failed to recognize that his mental impairment affected his ability to perform his past work. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

Plaintiff alleges disability as of February 11, 1993,[1] due to chronic back pain, depression, right eye blindness, high blood pressure, and stomach ulcers. After conducting an evidentiary hearing, the administrative law judge (ALJ) analyzed plaintiff's claims pursuant to the five-part sequential evaluation process. See 20 C.F.R. § 404.1520; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability date. At step two, the ALJ determined

---

[1] Plaintiff filed his application for benefits on June 23, 1993, alleging disability since March 6, 1992. The ALJ determined that because plaintiff had failed to appeal an earlier denial of benefits dated February 11, 1993, and no reason existed to reopen the earlier application, the earlier denial was res judicata to the issue of disability before February 11, 1993. Plaintiff does not contest this determination. Moreover, we lack jurisdiction to review the Commissioner's refusal to reopen and his determination that the earlier denial was res judicata. See Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990).

that plaintiff has the severe impairments of degenerative disease of the lumbar spine and lumbar disk herniation. The ALJ determined at step three that plaintiff does not have an impairment or combination of impairments meeting or equaling any listed impairment. See 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ concluded at step four that subject to plaintiff's residual functional capacity limitations of inability to engage in the exertional demands of medium, heavy, and very heavy work, right eye blindness, and ability to stoop only occasionally, plaintiff could perform his past relevant work as a cashier and, therefore, was not disabled. When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. See 20 C.F.R. § 404.981.

"We review the [Commissioner's] decision to determine whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Plaintiff first argues that the Commissioner erred at step three in failing to consider his combined impairments when determining whether his impairments

met or equaled the listing for affective disorders. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. Plaintiff believes that his mental impairment either alone or in combination with his other impairments meets or equals listing § 12.04, and, therefore, he is presumptively disabled.

The ALJ determined that plaintiff's mental impairment was not severe. In reaching this decision, the ALJ, as is required, see 20 C.F.R. § 404.1520a, completed a Psychiatric Review Technique (PRT) form, which tracks the requirements of the relevant listing, see 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04A, B (requiring both A and B criteria to be met before claimant is presumed disabled under listing). On the form, the ALJ indicated that plaintiff had depression, but his depression did not restrict his activities of daily living, caused only slight difficulty in maintaining social functioning, seldom resulted in deficiencies in concentration, persistence or pace resulting in failure to complete tasks in a timely manner, and never caused episodes of deterioration or decompensation in work or work-like settings. See Appellant's App. at 12 010-12. Thus, the ALJ found that plaintiff's mental impairment did not meet the required level of severity in any of the areas measured by listing § 12.04B.

Plaintiff argues that contrary to the ALJ's PRT findings, the medical evidence of Dr. Dougherty and Dr. Krueger, both consulting doctors, proves that he meets listing § 12.04. Dr. Dougherty, who is board certified in internal

medicine and pulmonary disease, reported in the history section of his consulting report dated February 2, 1993, that plaintiff had been depressed for six months, cried frequently, slept poorly, had urinary frequency and anxiety, and had not contemplated suicide. See Appellant's App. at 45 001. Dr. Dougherty found during the neurological portion of the physical examination that plaintiff's memory and behavior were normal. See id. at 45 002. Dr. Dougherty noted, however, that plaintiff had not had a psychiatric evaluation. See id. at 45 001.

Dr. Krueger performed a psychiatric evaluation on April 11, 1995. In the narrative portion of his report, Dr. Krueger indicated that plaintiff had no past psychiatric history; his facial expression was normal, even though he looked somewhat depressed; his mood was depressed; his speech and flow of thought were normal; he was generally cooperative, but too distracted or depressed to cooperate with memory testing; he could handle small calculations; his motor activity was somewhat slowed; he currently had no suicidal ideation; he heard voices; and his judgment was somewhat impaired. See id. at 59 001-03. Dr. Krueger concluded that plaintiff's ability to reason and make occupational, personal, and social adjustments was "fair" and that his psychiatric prognosis was "fair." See id. at 59 002-03. It was Dr. Krueger's impression that plaintiff suffers from "Depression NOS possibly with psychotic features." See id. at 59 003.

In addition to preparing the narrative, Dr. Krueger also filled out a Medical Assessment of Ability to Do Work-Related Activities (Mental) form.[2] With regard to making occupational, personal, and social adjustments, Dr. Krueger checked blocks indicating that plaintiff had a "good" ability to follow work rules, relate to coworkers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain concentration and attention, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. See id. at 59 004-05. Dr. Krueger also checked blocks indicating that plaintiff had a "good" ability to understand, remember, and carry out simple and detailed job instructions, but only a "fair" ability with respect to complex instructions. See id. at 59 005. The form specifically defined a "good" ability as a limited but satisfactory ability; whereas, it defined "fair" ability as seriously limited but not precluded. See id. at 59 004.

---

[2] This court has recognized that this form hampers this court's and the ALJ's review, because it does not match the requirements of § 12.04B and the PRT form. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 618, 619 n.3 (10th Cir. 1995); Hargis v. Sullivan, 945 F.2d 1482, 1488 (10th Cir. 1991).

Dr. Krueger's narrative and the form appear inconsistent.[3] Plaintiff argues that the narrative assessment, that his ability to make occupational, personal, and social adjustments was "fair," should control, and, therefore, under the narrative he meets the requirements of listing § 12.04B. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 618 (10th Cir. 1995) (defining "fair" as "essentially the same as the listing requirement's definition of the term 'marked,'" which is the degree of disability satisfying two of four listing requirements). Furthermore, he submits that the ALJ's failure to expressly consider Dr. Krueger's statements that his prognosis was "fair" and that he has only "fair" ability to make occupational, personal, and social adjustments is reversible error. We disagree.

To the extent the narrative appeared to be different from the form, the ALJ looked at both and gave credence to the form. Giving credence to the form was reasonable in light of the other statements in the narrative, as well as plaintiff's testimony that he never sought the treatment for depression to which he had been referred because he believed he could deal with his depression on his own, see Appellant's App. at 16 021.

---

[3] Although we cannot be certain, it is reasonable to assume Dr. Krueger did not define "fair" in his narrative in the technical way that it is defined on the form.

Plaintiff also argues that the ALJ failed to consider his combined physical and mental impairments in deciding that his impairments did not equal listing § 12.04. The ALJ merely listed the back impairments he found severe at step two and stated that he considered the combined effect of plaintiff's alleged impairments at step three. Although the ALJ did not, but should have, made detailed findings at steps two and three, see Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995), he did evaluate all of the evidence and make specific findings relating to steps two and three at step four, see Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997) ("step four requires a more detailed analysis of the claimant's impairments than is required at step two"). The record supports the ALJ's findings at step four, as well as his conclusions at steps two and three. Accordingly, we conclude substantial evidence supports the ALJ's conclusion that plaintiff's mental impairment, either alone or in combination with his other impairments, does not meet or equal the requirements for presumptive disability under listing § 12.04. Also, we conclude the ALJ correctly determined at step two that plaintiff does not suffer from a severe mental impairment.

If we disagree with his step three argument, plaintiff argues that the ALJ erred at step four in failing to recognize the impact his mental impairment has on

his ability to perform his past work. Plaintiff believes that his combined physical and mental impairments preclude him from performing his past work.

Contrary to plaintiff's argument, the ALJ considered plaintiff's mental impairment, along with any alleged physical impairments, at step four. Plaintiff, however, failed to prove that his impairments precluded him from performing his past relevant work as a cashier. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993) (recognizing claimant has burden of proof at step four). Accordingly, we conclude substantial evidence supports the ALJ's determination that plaintiff can perform his past relevant work as a cashier.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge