**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL L. KIRKLAND,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5224
(D.C. No. 97-CV-642-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Michael L. Kirkland appeals the magistrate judge's order affirming the Commissioner of Social Security's denial of his application for supplemental security income disability benefits and dismissal, as res judicata, of his application for social security disability insurance benefits. Claimant, a forty-six-year-old man with a tenth grade education, a GED, and some trade school classes, claims disability from September 11, 1990, due to back pain, left-side numbness, and mental problems. The ALJ determined that although claimant could not return to his past relevant work as a cook, construction laborer, vulcanizer in a tire shop, landscaper, or worker in a machine shop or gas station, he could do a full range of light work limited to simple repetitive jobs requiring little contact with coworkers or the public.

Claimant filed his first application for Title II disability benefits on December 5, 1980. On March 24, 1981, this application was denied initially and on reconsideration. Claimant did not request a hearing or further appeal this decision.

On October 11, 1991, claimant filed his second application for Title II disability benefits which was denied initially. Claimant again sought reconsideration which was denied on June 12, 1992. Although claimant was informed that he could lose benefits if he failed to appeal within sixty days, he did not seek any further review of the denial decision.

On December 23, 1993, claimant filed his latest applications for both Title II and Title XVI disability benefits. He was again denied initially and on reconsideration. This time, however, claimant requested and received a hearing before an ALJ. On April 24, 1995, following the hearing, the ALJ issued an order denying claimant's application for Title XVI supplemental security income benefits and a separate order dismissing his request for a hearing on his application for Title II disability benefits as res judicata. The Appeals Council denied review, and the district court affirmed.

On appeal, claimant asserts that (1) the ALJ's findings regarding claimant's mental impairments were not supported by substantial evidence; (2) the ALJ posed an incomplete hypothetical question to the vocational expert; and (3) the ALJ erroneously dismissed claimant's application for disability benefits as res judicata. Our review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the [Commissioner's] decision is supported by substantial evidence there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen*, 851 F.2d 297,

299 (10th Cir. 1988). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. *See id.*

Initially, claimant asserts that the ALJ failed to evaluate properly his mental impairments and his residual functional capacity (RFC) to do light work. Where there is evidence of a disabling mental impairment, the Commissioner must evaluate the mental impairment pursuant to the procedure set forth in 20 C.F.R. § 416.920a. *See Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995). This procedure requires the ALJ to complete a Psychiatric Review Technique Form (PRT). *See id.* First, the ALJ must determine the existence of "certain medical findings which have been found especially relevant to the ability to work," (Part A criteria). 20 C.F.R. § 416.920a(b)(2). Next, the ALJ must evaluate and rate the claimant's ability to function despite the mental impairment (Part B criteria). *See id.* § 416.920a(b)(3).

Here, the ALJ completed a PRT at the time of his decision. In Part A, the ALJ indicated the presence of a personality disorder evidenced by "[i]ntense and unstable interpersonal relationships and impulsive and damaging behavior." R. Vol. II at 24-25. In rating the severity of the impairment, the ALJ found only slight restriction of daily activities and moderate problems with maintaining social functioning. He determined that claimant seldom had difficulties with

-4-

concentration, persistence, or pace and never had an episode of deterioration or decompensation in a work or work-like setting.

Claimant asserts that the ALJ failed adequately to discuss the evidence on which he based his conclusions on the PRT form, and that his conclusions "differed significantly" from the evidence presented in the case.[1] Appellant's Br. at 31. We do not agree. The ALJ fully discussed his conclusions on the PRT form, finding that the only objective evidence of mental impairment was the evaluation of Dr. Thomas A. Goodman on February 28, 1994, in which he concluded that claimant had "minimal brain damage, by history, without any current confirmation, untreated currently." R. Vol. II at 360. Dr. Goodman diagnosed claimant has having an "[a]ntisocial personality disorder with borderline features, currently untreated." *Id.* He further concluded, however, that he could discern no reason why claimant could not do his past relevant work. *See id.*

Although it is true, as claimant asserts, that the only evidence the ALJ discussed in detail was Dr. Goodman's report, Dr. Goodman's findings and conclusions, obviously the most recent, were duplicative of those found by

---

[1] The ALJ completed the PRT form without the aid of a psychiatrist or a psychologist. However, the record on appeal contains two additional PRT forms completed in 1992 and 1994 by psychologists which reflect basically the same conclusions as those drawn by the ALJ. *See* R. Vol. II at 112-21, 149-67.

Dr. Merli Fermo in 1981, *see id.* at 286-87, Dr. Cullen Mancuso in 1981, *see id.* at 290-91, and Dr. Ronald Passmore in 1992, *see id.* at 300-02. In fact, the ALJ stated in his decision that even though he was avoiding discussion of duplicative evidence, he had considered all evidence in the record in reaching his conclusions. *See id.* at 20. Therefore, contrary to claimant's contention, the ALJ fully considered and discussed the evidence he relied on in completing the Part A criteria of the PRT form.

Second, claimant contends that the ALJ failed to link his findings on the PRT form to the evidence as required by this court in *Washington v. Shalala*, 37 F.3d 1437 (10th Cir. 1994). In *Washington*, this court held:

> In assessing a claimant's mental RFC, the ALJ should consider, among other things, the claimant's ability to engage in the activities of daily living; to interact appropriately with the public, supervisors, and co-workers; to focus long enough to complete tasks in a timely fashion; and to adapt to stressful circumstances without either withdrawing from the situation or experiencing increased signs and symptoms of the claimant's mental disorder.

*Id.* at 1440. These factors parallel those found in Part B of the PRT form.

Again, contrary to claimant's contention, the ALJ discussed all of these factors, concluding that claimant's daily activities were only minimally impacted, that he had moderate difficulty in relating and interacting with others (as evidenced by the ALJ's limitation on his ability to do the full range of light work), that he could complete tasks in a timely fashion, and that, although

claimant's work history indicated an inability to stay with a job very long, he had no history of withdrawing or decompensating in stressful work situations.

Claimant argues that the ALJ did not consider the fact that he had been married fourteen times in determining that he was only moderately impaired in his personal relationships. The ALJ's decision, however, reflects that these are exactly the kind of facts he did consider in finding claimant moderately impaired and in restricting his light work ability to those jobs requiring little or no contact with the public or co-workers. Moreover, it is equally clear that the ALJ considered the opinions of claimant's examining psychiatrists and psychologists and the results of claimant's psychological and IQ testing when concluding that claimant had some difficulty with concentration, persistence, or pace. This manifested itself in the ALJ's determination that claimant was limited to light work involving simple repetitive tasks. The ALJ expressly stated that he considered "the entire record," whether or not certain items of evidence were specifically mentioned in the decision. *See* R. Vol. II at 20. Here, the ALJ did not conclude that claimant did not suffer from a mental impairment; rather he concluded that despite claimant's severe mental impairment, he could perform a limited range of light work, a conclusion that is supported by substantial evidence in the record.

Next, claimant asserts that the hypothetical question posed to the vocational expert (VE) at the hearing was incomplete in that it only included the restriction that claimant be limited in his contact with the public and co-workers. Claimant asserts that the ALJ's hypothetical question failed to consider the serious nature of Dr. Goodman's diagnosis of antisocial personality disorder and borderline personality disorder. Claimant asserts that the question "erroneously minimize[d] the Appellant's mental impairments and [did] not represent the Appellant's true condition." Appellant's Br. at 39.

The hypothetical question posed to the VE, however, reflected the limitations relevant to the light work the ALJ concluded claimant could perform. Contrary to claimant's assertion, the ALJ was not required to include limitations or restrictions in the hypothetical that were not supported by substantial evidence. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). Therefore, we conclude that the hypothetical question posed to the VE was complete and proper.

In a separate order, the ALJ found claimant's request for a hearing on his application for Title II disability benefits barred on the grounds of administrative res judicata because claimant failed to appeal his previous denial of benefits on June 12, 1992, and his insured status for Title II benefits expired on September 30, 1990. Moreover, the ALJ expressly refused to reopen claimant's previously adjudicated claim for benefits. *See* R. Vol. II at 29-30.

In *Brown v. Sullivan*, 912 F.2d 1194 (10th Cir. 1990), we held that "[n]either the district court nor this court has jurisdiction to review the [Commissioner's] refusal to reopen a claim for disability benefits or determination such claim is res judicata." *Id.* at 1196 (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977) (holding that decision not to reopen is not reviewable by federal courts)). Therefore, we hold that we lack jurisdiction to review the Commissioner's discretionary decision not to reopen claimant's prior claim on res judicata grounds.[2] *See* 42 U.S.C. § 405(g)*; Brown*, 912 F.2d at 1196.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

---

[2] Contrary to claimant's argument, the Appeals Council's failure to expressly discuss the ALJ's dismissal decision in its general denial of review did not constitute an implicit reopening of claimant's previous proceedings. *See Taylor v. Heckler* , 738 F.2d 1112, 1115 (10th Cir. 1984) (holding that de facto reopening occurred when ALJ did not dispose of claim as res judicata, did not expressly refuse to reopen, reviewed case on merits, and considered additional evidence).