**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WENDELL NEWBURN,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant - Appellee.

No. 02-5055
(D.C. No. 00-CV-1021-X)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Wendell Newburn appeals from the magistrate judge's order affirming the Commissioner's determination, at step five of the five-part process, that he is not entitled to Social Security disability benefits.[1] After reviewing the Commissioner's decision to determine "whether the factual findings are supported by substantial evidence and whether correct legal standards were applied," we affirm. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

## BACKGROUND

Mr. Newburn asserts that he has been disabled since September 8, 1994, primarily due to chest pain and shortness of breath attributable to coronary artery disease.[2] At the hearing before the administrative law judge (ALJ), Mr. Newburn and his wife testified that his activities were significantly limited by his chest

_____

[1] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[2] Mr. Newburn filed a prior application for benefits which was denied on September 8, 1994, and not appealed. In the instant case, the administrative law judge determined that no reason existed to reopen the earlier application and that the earlier denial was res judicata as to the issue of disability before the denial date. Mr. Newburn does not contest that determination. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (stating that courts have no "jurisdiction to review the [Commissioner's] refusal to reopen a claim for disability benefits or determination such claim is res judicata"). Further, Mr. Newburn's insured status expired September 30, 1996; thus, he must show that he was totally disabled prior to that date. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993) (holding that claimant must show she was disabled prior to expiration of insured status). Accordingly, the relevant period for consideration of Mr. Newburn's application for benefits is between September 8, 1994, and September 30, 1996.

pains and shortness of breath. Additionally, they said that he had memory problems and, though he had attended school through sixth grade, could not read very well or perform more than simple mathematics. A vocational expert also testified, naming unskilled light assembler, assembler of printed products, and assembler of hospital supplies as jobs which could be performed by a hypothetical person who could spend no more than four hours total on his feet during an eight-hour day, with occasional severe pain, and with a limited ability to read, write, and calculate.

Subsequently, the ALJ issued his written decision. The decision recognized that Mr. Newburn had severe coronary artery disease and, as a consequence, was unable to perform his past relevant work as a bus driver. The ALJ determined, however, that Mr. Newburn retained the residual functional capacity (RFC) to perform a wide range of light work, reduced by an inability to stand for more than four hours out of an eight-hour workday. The testimony of Mr. Newburn and his wife was found to be credible only to the extent consistent with this RFC. Based on the vocational expert's testimony, the ALJ concluded that, taking into consideration Mr. Newburn's standing limitations, his lack of transferable skills, and his marginal education, there were a significant number of jobs in the regional and national economies that he could perform. Therefore, the ALJ concluded that Mr. Newburn was not disabled. On appeal, Mr. Newburn argues

that the ALJ erred in: (1) determining that he had the RFC to perform a wide range of light work activity; (2) assessing his educational level; and (3) failing to question the vocational expert with more specific hypothetical questions.

**DISCUSSION**

**Residual functional capacity determination**

Mr. Newburn's first issue is essentially an assertion that the RFC determination is not supported by substantial evidence. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir. 1991) (citation omitted). The medical records show that Mr. Newburn underwent bypass surgery in 1991. In May 1994, before the relevant period and in connection with Mr. Newburn's prior application for disability benefits, Dr. Merle Jennings, a consulting cardiologist, examined Mr. Newburn, diagnosed him with coronary insufficiency, and opined that he was "unable to perform any type of activity due to his cardiac impairment." Aplt. App., Vol. 2 at 130. On January 13, 1996, Mr. Newburn was admitted to the hospital complaining of chest pressure. After a four-day hospital stay during which a cardiac catheterization was performed, Mr. Newburn's final discharge diagnosis was "unstable angina, stabilized." *Id*. at 191. His chest pains were thought to be musculoskeletal in

origin. In September 1997, a year after expiration of Mr. Newburn's insured status, an exercise thallium study was conducted, with normal results.

Just a month before the disability-benefits hearing, Mr. Newburn told an examining physician that he was doing well and denied any episodes of chest pain.[3] The physician reported that Mr. Newburn had a full range of motion and that his upper and lower body strength was adequate. In addition, the record contains two RFC assessments during and after the relevant time period which state that Mr. Newburn could be on his feet for six hours in an eight-hour day.

We conclude that the medical record as a whole, the evidence concerning Mr. Newburn's daily activities, and the ALJ's decision to discount the testimony concerning the extent of Mr. Newburn's impairment all support the RFC determination. Contrary to Mr. Newburn's argument, the ALJ adequately explored the side effects of Mr. Newburn's medication.[4] Further, the lack of

---

[3] We acknowledge the testimony that Mr. Newburn was despondent and that he misrepresented his chest pain to the physician in an unsuccessful attempt to restore his bus driver's license. However, we must also recognize the ALJ's statement that he was "not satisfied that [Mr. Newburn was] necessarily being entirely truthful," Aplt. App., Vol. 2 at 78, and that he was "trying to figure out" when Mr. Newburn was lying and when he was telling the truth, *id.* at 63. Credibility determinations in particular lie in the domain of the finder of fact, and the ALJ's finding is afforded deference as a result. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002).

[4] On appeal, Mr. Newburn also challenges the ALJ's finding that he had the ability to occasionally lift up to twenty pounds, a requirement of light work activity. Although Mr. Newburn challenged the ALJ's RFC determination in

(continued...)

discussion of Dr. Jennings' opinion about Mr. Newburn's ability to work is not legally significant. The opinion was developed outside the relevant period and had been specifically considered in evaluating Mr. Newburn's earlier application for benefits. In sum, we conclude that substantial evidence supports the Commissioner's RFC determination.

## Assessment of educational level

Mr. Newburn also argues that the ALJ erred in categorizing him as a person with a marginal education, rather than as a person who is illiterate. The issue is critical because Rule 202.11 of the Medical Vocational Guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, table 2, directs a finding of not disabled for a claimant of Mr. Newburn's age, work experience, and RFC if the claimant's education is "[l]imited or less–at least literate and able to communicate in English." In contrast, if the same claimant is illiterate, the grids provide that he is disabled. *See id.* at 202.00(d).

---

[4](...continued)
district court, he did not mention the lifting requirement. Our scope of review is limited to those issues plaintiff has properly preserved in the district court. *Berna v. Chater* , 101 F.3d 631, 632 (10th Cir. 1996). "Absent compelling reasons, we do not consider arguments that were not presented to the district court." *Crow v. Shalala* , 40 F.3d 323, 324 (10th Cir. 1994). We decline to reach the issue on appeal. Nevertheless, we have reviewed this issue and, even if we were to consider it, we would find it to be without merit.

Illiteracy is defined in the regulations as: "the inability to read or write. . . . [S]omeone [is] illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." *Id.* § 404.1564(b)(1). A person with a "marginal education," on the other hand, has "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. . . . [F]ormal schooling at a 6th grade level or less is [generally considered] a marginal education." *Id.* § 404.1564(b)(2). "[I]f there is no other evidence to contradict it, [the Commissioner] will use . . . numerical grade level to determine [a claimant's] educational abilities." *Id.* § 404.1564(b).

In this case, Mr. Newman completed the sixth grade and testified that he could "read and write . . . a little bit," and, when working as a bus driver, could generally read a road map. Aplt. App., Vol. 2 at 39. His mathematics ability was confined to "low numbers." *Id.* at 40. Mr. Newman's background does not meet the definition of illiteracy; his testimony does not contradict a finding of marginal

educational abilities.  The evidence in the record is therefore sufficient to sustain the ALJ's finding that Mr. Newman had a marginal education.

**Hypothetical questions to vocational expert**

Finally, Mr. Newburn argues that the Commissioner failed to meet her burden at step five in the sequential evaluation process because the ALJ did not pose questions to the vocational expert sufficient to demonstrate that he retains the RFC to perform work in the national economy, given his age, education, and work experience.  He also contends, citing *Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999), that the ALJ did not resolve discrepancies between the testimony of the vocational expert and the DICTIONARY OF OCCUPATIONAL TITLES (DOT).

The record does not bear out Mr. Newburn's contentions.  The vocational expert testified that, under the ALJ's hypothetical, Mr. Newburn could perform light-work, unskilled, assembler positions.  There are no unexplained conflicts between the vocational expert's testimony and the DOT.  The ALJ directly addressed the issue of whether the designated jobs could be performed with the specified limitation on hours of standing or walking.  In response to the ALJ's questions, the vocational expert answered that "[t]hose jobs would accommodate the inability to stand more than four hours." Aplt. App., Vol. 2 at 73. The Commissioner met her step-five burden of proving that there are sufficient

jobs in the national economy for a hypothetical person with the claimant's impairments. There is no reversible error in this aspect of the ALJ's decision.

AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge