FILED
United States Court of Appeals
Tenth Circuit

**December 30, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID C. INGMIRE,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant-Appellee.

No. 09-1148
(D.C. No. 1:07-CV-01262-REB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, PORFILIO,** and **O'BRIEN**, Circuit Judges.

---

David C. Ingmire appeals from a district court order dismissing his

social-security appeal for lack of jurisdiction. We have appellate jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we AFFIRM.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In August 2003, Ingmire applied pro se for disability insurance benefits (DIB), stating he became disabled on February 7, 2001, due to back and leg pain, headaches, muscle and nerve damage to his abdomen, and bowel incontinence. The Social Security Administration (SSA) denied the application in December 2003, concluding that Ingmire failed to prove he had a disability on or before the time his disability coverage ended in December 2002. Ingmire did not appeal.

In July 2004, Ingmire again applied pro se for DIB. He repeated his February 7, 2001 disability onset date, and listed the causes as "[n]erve damage in back/abdomen, back inj, headaches, neck prob[.]" A.R. at 50. The SSA denied this application, stating it concerned "the same issues" raised by the August 2003 application. Aplt. App. at 26. Ingmire retained counsel and requested a hearing before an administrative law judge (ALJ).

At the hearing, Ingmire's attorney stated he was unaware of any medical reason that would have prevented Ingmire from appealing, and he argued against the application of res judicata. A.R. at 219; Aplt. App. at 44. Afterward, the ALJ issued a dismissal order, concluding that Ingmire's 2004 DIB application was barred by res judicata and that no circumstances warranted reopening the case. The ALJ also noted that the SSA had denied a claim for supplemental security income (SSI) filed by Ingmire, but that he did not appeal that denial.

When the Appeals Council upheld the ALJ's decision, Ingmire sought review in federal district court. The district court concluded it lacked jurisdiction, and it dismissed the case.

## DISCUSSION

"We review a district court's decision on subject matter jurisdiction de novo." *Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009). "Neither the district court nor this court has jurisdiction to review the [Commissioner]'s refusal to reopen a claim for disability benefits or determination such claim is res judicata." *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (per curiam). But jurisdiction does exist when a plaintiff raises a colorable constitutional claim. *Blair v. Apfel*, 229 F.3d 1294, 1295 (10th Cir. 2000) (per curiam).[1] To that end, Ingmire argues he was not afforded due process. Specifically, he claims he received no notice that "res judicata would be considered at th[e] hearing" before the ALJ. Aplt. Opening Br. at 13 (italics omitted).

"To fulfill notice requirements, constitutional due process requires only that parties be informed in a [manner] reasonably calculated to apprise them of the pending action and provide[d] an opportunity to respond." *Rector v. City &*

---

[1]     There may also be jurisdiction when the Commissioner reconsiders the merits of an application previously denied. *See Taylor ex rel. Peck v. Heckler*, 738 F.2d 1112, 1115 (10th Cir. 1984). But simply considering evidence from a prior claim does not confer jurisdiction where, as here, the ALJ expressly declined to reopen the proceedings. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 n.8 (10th Cir. 2004); *Brown*, 912 F.2d at 1196.

*County of Denver*, 348 F.3d 935, 948 (10th Cir. 2003). The "Notice of Disapproved Claim" sent to Ingmire clearly indicated, in layman's terms, that res judicata was the reason for the denial of his 2004 DIB application. Aplt. App. at 26. In response to that notice, Ingmire retained counsel and requested a hearing. While the "Notice of Hearing" subsequently sent to Ingmire did not mention res judicata as an issue to be considered by the ALJ, that omission did not prevent Ingmire's counsel from appearing at the hearing and arguing against the application of res judicata. Ingmire was afforded due process.

Ingmire argues that *Harris v. Callahan*, 11 F. Supp. 2d 880 (E.D. Tex. 1998), compels a contrary conclusion. We disagree. In *Harris*, the plaintiff was proceeding pro se, had no recollection of prior proceedings, and was not given an opportunity to formally challenge the application of res judicata. *Id.* at 882, 884-85. But here, Ingmire had counsel, who was, or should have been, aware of the basis for the SSA's denial of benefits, and was able to argue at the hearing against the application of res judicata.

Finally, to the extent Ingmire challenges the denial of SSI benefits, his failure to exhaust administrative remedies or to show why exhaustion was not required precludes judicial review. *See* 20 C.F.R. § 416.1400(a)(5) (providing that completion of the administrative-review process is a prerequisite to judicial review); *Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993) (observing that a social-security claimant need not exhaust administrative remedies if full

exhaustion would be futile, there is irreparable harm, and there is a colorable

constitutional claim collateral to the substantive benefits claim).

<u>CONCLUSION</u>

The judgment of the district court is AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge