Ryan C. WELLS, Plaintiff,

v.

Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.

Civil Action No. 15-cv-01951-REB

United States District Court, D. Colorado.

Signed 09/23/2016

Ann J. Atkinson, Ann J. Atkinson, Attorney at Law, Aurora, CO, for Plaintiff.

J. Benedict Garcia, U.S. Attorney's Office, Keeya Marie Jeffrey, Thomas Henry Kraus, Social Security Administration, Denver, CO, for Defendant.

## ORDER REVERSING DISABILITY DECISION AND REMANDING TO COMMISSIONER

Blackburn United States District Judge

The matter before me is plaintiff's **Complaint** [# 1],[1] filed September 8, 2015,

---

1. "[# 1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system

seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of post discectomy and laminectomy with revision (including chronic pain syndrome associated therewith) and depression. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 12, 2014. At the time of the hearing, plaintiff was 32 years old. He has a high school education and past relevant work experience as a warehouse manager. He has not engaged in substantial gainful activity since November 1, 2009, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found plaintiff had the residual functional capacity to perform a range of light work with certain postural and non-exertional limitations. Those restrictions were not inconsistent with his past relevant work as it is generally performed. Alternatively, the ALJ found there were other jobs existing in significant numbers in the national economy plaintiff could perform given his residual functional capacity. Plaintiff there-

fore was found not disabled at both step four and, alternatively, step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

 A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both him previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir.1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir.1995).

 The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."

(CM/ECF). I use this convention throughout this order.

A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)–(f). *See also Williams v. Bowen* 844 F.2d 748, 750–52 (10ᵗʰ Cir.1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10ᵗʰ Cir.1991).

■■■■ Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497–98 (10ᵗʰ Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10ᵗʰ Cir.1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D.Colo.1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10ᵗʰ Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10ᵗʰ Cir.1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff advances several grounds of error. Because I find the first dispositive, I decline to address specifically the remainder, as they may be impacted by the ALJ's redetermination on remand.[2] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10ᵗʰ Cir.2003); *Gorringe v. Astrue*, 898 F.Supp.2d 1220, 1225 (D.Colo.2012).

■■■■ Plaintiff claims the ALJ erred at step three of the sequential evaluation by failing to obtain a medical opinion on the issue of medical equivalence. "While

---

**2.** Nevertheless, even on cursory review, it strikes the court that at least some of plaintiff's alternative arguments may have merit. In particular, his suggestion that the ALJ committed plain error at step four because her findings were directly contrary to the testimony of the vocational expert on whom she purported to rely seems to be well-taken. These issues all may be revisited on remand.

the ALJ is responsible for deciding the ultimate legal question of whether a listing is met or equaled, the ALJ must receive state agency doctors' judgments on the issue of medical equivalence into the record as expert opinion evidence." *Carbajal v. Astrue*, 2011 WL 2600984 at *2 (D.Colo. June 29, 2011) (citation and internal quotation marks omitted). *See also* **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996) ("[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight."). The requirement that medical equivalence be established by the opinion of a medical expert is satisfied, *inter alia*, by the signature of a State agency medical or psychological consultant on a Form SSA-831-U5 (entitled "Disability Determination and Transmittal Form"). **Social Security Ruling** 96-6p, 1996 WL 374180 at *3.

 While the record in this case contains such a form, the form is unsigned. More importantly, it indicates that plaintiff's claim of disabling physical impairments was reviewed only by an Single Decision Maker ("SDM"). (Tr. 69.) "An SDM is not a medical professional, and therefore, the opinion of an SDM does not satisfy the requirement that the finding of medical equivalence be supported by the opinion of a physician or psychologist." *Thomas v. Colvin*, 69 F.Supp.3d 1174, 1178 (D.Colo.2014) (Blackburn, J.). *See also Carbajal*, 2011 WL 2600984 at *3; *Elliott ex rel. Elliott v. Astrue*, 2011 WL 4485907 at *5 (D.Colo. Sept. 28, 2011). The ALJ's step three finding therefore is not supported by substantial evidence and must be reversed. *See Thomas*, 69 F.Supp.3d at 1178.[3]

Although the Commissioner points out that an SDM is authorized to make the initial assessment under a pilot program in which Colorado participates, *see* 20 C.F.R. § 404.906(b)(2),[4] the fact remains that an SDM is not a qualified to offer a medical opinion at all, *see Klobas v. Astrue*, 2010 WL 383141 at *5 (D.Colo. Jan. 29, 2010) (Blackburn, J.). The Commissioner does not explain why the opinion of an SDM, which is entitled to no weight in any other circumstance, should be sufficient for purposes of the complex, technical determination required at step three. The plain answer is that it is not.

The Commissioner, characterizing the lack of evidence in this regard as a "technical error," argues that remand is not required because plaintiff has not shown his impairment is medically equivalent to the requirements of Listing 1.04.[5] This argu-

---

**3.** Moreover, on initial determination, the Commissioner miscalculated plaintiff's date last insured, finding that his insured status expired some five years before it actually did. Any opinion that might have been rendered on such a mistake therefore would have been suspect in any event.

**4.** "Colorado is one of ten states participating in the Commissioner's Plan for a New Disability Claim Process. *See* 59 Fed. Reg. 47887 (Sept. 19, 1994). This pilot program is testing several model procedures for streamlining the administrative review process, including use of an SDM, rather than a team composed of a

disability examiner and a medical consultant, to make the initial determination of disability. *See* 62 Fed. Reg. 49598 (Sept. 23, 1997)."*Velasquez v. Astrue*, 2008 WL 791950 at *3 n. 4 (D.Colo. Mar. 20, 2008) (Blackburn, J.).

**5.** The Commissioner's Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (effective Aug. 2, 2010), sets forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling. 20 C.F.R. § 404.1520(d). *See Sullivan v. Zebley*, 493 U.S. 521, 532, 534–35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990). Section 1.00 address-

ment is mistaken both in its premise and its conclusion. The ALJ's failure to follow the Commissioner's own regulations, in and of itself, requires remand:

"[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n. 41 (D.C.Cir.1977); *see also Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 102 F.3d 1385, 1390 (5ᵗʰ Cir.1996). To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [the regulations], would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory. The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to "set aside agency action ... found to be ... without observance of procedure required by law." Administrative Procedure Act, 5 U.S.C. § 706(2)(D) (2001).

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546 (6ᵗʰ Cir.2004). *See also Hannah v. Colvin*, 2014 WL 2861487 at *5 (M.D.Fla. June 24, 2014) (failure to follow procedures constitutes "legal error," which is "presumptively prejudicial;" citing cases).

Moreover, and even if harmless error analysis theoretically were appropriate in these circumstances, this court is no more capable of determining—in the absence of an expert medical opinion—whether plaintiff's impairment is medically equivalent to a listed impairment than is the Commissioner herself. Indeed, the Commissioner does not even try, stating in a single, conclusory, sentence that plaintiff does not satisfy the requirements of medical equivalence. (*See* **Def. Resp.** at 13.) Plainly, further development of the record is required. This appeal is not the appropriate forum for that undertaking.

 Thus, although remand clearly is warranted, I find this case does not represent an appropriate circumstance for the exercise of my discretion to direct an award benefits, as plaintiff requests.[6] *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10ᵗʰ Cir.1993).

## IV. ORDERS

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2. That this case is remanded to the ALJ, who is directed to

a. Obtain the opinion of a medical expert on medical equivalence with respect to plaintiff's physical impairments;

b. Reconsider her determination at step three of the sequential evaluation;[7]

c. Recontact any treating or examining physicians for further clarification of their findings, seek the testimony of medical or vocational experts, order consultative examinations, or otherwise further develop the record as she deems necessary;

---

es disorders of the musculoskeletal system, and section 1.04 thereunder deals specifically with disorders of the spine. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

**6.** By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

**7.** The court's focus in this opinion on Listing 1.04A should not be taken as precluding the ALJ from considering the applicability of other listings to the extent the evidence supports their consideration.

d. Reevaluate plaintiff's residual functional capacity;

e. Reassess her determinations at steps four and five of the sequential evaluation; and

f. Reassess the disability determination; and

3. That plaintiff is awarded his costs, to be taxed by the clerk of the court in the time and manner required under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).